```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


HART'S LANDSCAPING
& CONSTRUCTION, LLC                                     PLAINTIFF

VS.                      CIVIL ACTION NO. 5:15-cv-67(DCB)(MTP)

VISION UNDERGROUND, LLC                                 DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff's Motion for Default Judgment **(docket entry 7)**. Having carefully considered the motion, to which the defendant has not responded, and the record in this case, the Court finds as follows:

The plaintiff, Hart's Landscaping & Construction, LLC, commenced this action by filing its Complaint against defendant Vision Underground, LLC. Proof of service of the Summons and Complaint on the defendant was filed. Subsequently, an entry of default as to the defendant was made and the plaintiff filed its motion for default judgment. To date, the defendant has neither entered an appearance nor responded to the Complaint or to the motion for default judgment.

As a preliminary matter, the Court must address its jurisdiction over the controversy. The plaintiff's Complaint asserts diversity jurisdiction under 28 U.S.C. § 1332 because Hart's and Vision Underground are diverse parties and the amount in controversy exceeds $75,000. Complaint, ¶ 4. The Complaint also asserts that venue in this Court is proper because a substantial

alleged act or omission by the defendant occurred in Lincoln County, or a substantial event that caused the plaintiff's injury occurred there, or alternatively that is where the plaintiff resides. Id. The Court finds that jurisdiction and venue are proper.

In limited circumstances, not present here, Federal Rule of Civil Procedure 55(b)(1) permits the Clerk of Court to enter a default judgment against a defendant party. In all other cases, the claimant must apply to the Court for a default judgment. Fed.R.Civ.P. 55(b)(2). A claimant is not entitled to a judgment by default as a matter of right. "The dispositions of motions for entries of defaults and default judgments ... are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2nd Cir. 1993).

The Court turns now to the consideration of whether a default judgment in favor of the plaintiff is appropriate in this case. The Fifth Circuit Court of Appeals has observed that

> [r]eview of a default judgment puts competing policy interests at play. On one hand, "we have adopted a policy in favor of resolving cases on their merits and against the use of default judgments." On the other, this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion."

Wooten v. McDonald Transit Assoc. Inc., 775 F.3D 689, 693 (5th Cir.

2015)(quoting In re Chinese-Manufactured Drywall Prods. Liab. Litig., 742 F.3d 576, 594 (5th Cir. 2014)(internal citations and additional citations omitted)).

"A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citing Thomson v. Wooster, 114 U.S. 104, 113 (1885)). In other words, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id.

Since the defaulting party is absent, the Court logically should consider the matter from the reverse angle, i.e., "'consider whether factors are present that would later oblige the court to set that default judgment aside.'" DIRECTV, LLC v. Meadows, 2014 WL 3894851, *3 (W.D. N.C. Aug. 8, 2014)(quoting 10 Moore's Federal Practice, § 55.31[2] (Matthew Bender 3d Ed. 2013)(footnote omitted)).

The Fifth Circuit has noted:

> Rule 60(b) provides several statutory bases for vacating a default judgment, including mistake, inadvertence, surprise, or excusable neglect. Fed.R.Civ.P. 60(b). As we have previously explained, Rules 55(c) and 60(b) allow a district court to set aside an entry of default or default judgment for "good cause." [Lacy v. Sitel Corp., 227 F.3d 290, 291-92 (5th Cir. 2000)]. To determine whether or not good cause is present, we consider three

> factors: (1) whether the default was willful; (2) whether setting aside the default judgment would prejudice Plaintiffs; and (3) whether [the defendant] presented a meritorious defense. Id. at 292. We may also consider other factors, including whether [the defendant] acted expeditiously to correct the default. Id.

Chinese-Manufactured Drywall, 742 F.3d at 594. The Fifth Circuit has also held that "[a] finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." Lacy, 227 F.3d at 292.

Based on the record before this Court, including the defendant's lack of any activity following service of the Complaint, the Court finds that the defendant has taken no action in response to any of the plaintiff's initiatives. The Court concludes that the history of this case suggests a conscious decision on the part of defendant to ignore the plaintiff's allegations and to ignore its duty to respond thereto. The defendant's failure to respond was therefore willful, and not merely "dilatory action" on the part of defendant. The Court therefore does not reach the remaining two factors, prejudice and a meritorious defense.

The Court now turns to the consideration of damages. In its Complaint, the plaintiff has pleaded that it subcontracted with the defendant to perform directional drilling services in conjunction with the installation of duct for fiber optic cable. Complaint, ¶ 5. Pursuant to contract, the defendant agreed to pay the plaintiff

4

$4.50 per foot of duct installed.  The duct material was provided by Phoenix Installation Services, which both approved and accepted the plaintiff's work without complaint.  Complaint, ¶ 6.  The plaintiff invoiced the defendant and was paid for work performed as follows: $21,587.50 on November 12, 2014; $27,607.95 on December 10, 2014; and $20,000.00 on February 6, 2015.  Complaint, ¶ 7.

Also according to the Complaint, the defendant has failed to pay the following invoices: November 2, 2014 invoice in the amount of $26,017.00; November 8, 2014 invoice in the amount of $31,551.00; November 16, 2014 invoice in the amount of $12,586.00; and November 24, 2014 invoice in the amount of $12,357.00.  Complaint, ¶ 8.  The Complaint also alleges that the defendant acknowledges the debt owed but refuses to make payment.  Complaint, ¶ 9.

The total amount of unpaid invoices listed in the Complaint is $82,511.00; however, in its prayer for relief, the plaintiff seeks only $80,511.00.  Complaint, ¶ A.  Despite this discrepancy, the total amount of the invoices listed as owing in the Complaint is $82,511.00, and this is the figure appearing in both the Motion for Default Judgment and the Affidavit of Eric Hart attached thereto as Exhibit 3.  The Court therefore finds that the $80,511.00 figure in the Complaint's prayer for relief is a typographical error, that the correct total claimed by the plaintiff is $82,511.00, and that this is discernable from the face of the Complaint.  The Court

shall therefore award the plaintiff $82,511.00 in damages.

The plaintiff, in its Complaint, sought pre-judgment interest, but omitted pre-judgment interest from its Motion for Default Judgment. The Court considers the issue waived. See Herrera v. Tri-State Kitchen and Bath, Inc., 2015 WL 1529653, *13 (E.D. N.Y. March 31, 2015)(failure to seek pre-judgment interest in motion for default judgment constituted waiver); Mays v. JP & Sons, Inc., 178 Fed.Appx. 378, 382 (5th Cir. 2006)(failure to seek pre-judgment interest in pre-trial order constituted waiver); Innovations, Designs & Interiors, Inc. v. Southern Guaranty Insurance Co., 2002 WL 1611498, *1 (N.D. Miss. June 13, 2002)(same).

The plaintiff also sought post-judgment interest in its Complaint. Unlike pre-judgment interest, post-judgment interest is not discretionary. Title 28 U.S.C. § 1961 states that post-judgment interest "shall be allowed" on any money judgment in a civil case recovered in a district court. The Court shall therefore award the plaintiff post-judgment interest.

The plaintiff's Complaint also sought attorney fees; however, neither the Complaint nor the Motion for Default Judgment allege any law or agreement between the parties entitling the plaintiff to attorney fees, and the plaintiff's proposed Final Judgment does not include attorney fees. The Court considers the matter waived. The Court shall, however, assess court costs against the defendant.

ACCORDINGLY,

IT IS HEREBY ORDERED that the plaintiff's Motion for Default Judgment **(docket entry 7)** is GRANTED;

FURTHER ORDERED that the defendant, Vision Underground, LLC, is liable to the plaintiff for the following:

(1) Damages in the amount of $82,511.00;

(2) Court costs;

(3) Post-judgment interest on the total award pursuant to 28 U.S.C. § 1961, commencing upon entry of the Final Default Judgment in this case until the date of payment.  Such interest shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment.

A Final Default Judgment shall issue this day.

SO ORDERED, this the   28th   day of December, 2015.

                                                   s/David  Bramlette  
                                          UNITED STATES DISTRICT JUDGE